IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH DANNY PROPHET,

    Plaintiff,                    1:09 CV 01066 OWW YNP SMS (PC)

  vs.                             FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S IN FORMA PAUPERIS STATUS BE REVOKED

KEN CLARK, et al.,

    Defendant.

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has submitted request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at CSP Corcoran, brings this civil rights action against defendant correctional officials employed by the CDCR at CSP Corcoran.   Plaintiff claims that he is being denied adequate access to the law library.

The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in a facility, brought an action or appeal in a court of the United States that was

1

dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury."

This plaintiff has, on 3 prior occasions, brought civil actions challenging the conditions of his confinement. All three action were dismissed as frivolous, or for failure to state a claim upon which relief can be granted. Prophet v. Dunham, et al., 1:07 cv 01372 OWW DLB (PC); Prophet v, Clark, et al., 1:08 CV 01748 SMS (PC); Prophet v. CDCR, et al., 2:06 CV 02822 FCD EFB (PC). Plaintiff is therefore not entitled to proceed in forma pauperis unless he alleges facts indicating that he is in imminent danger of serious physical injury. Plaintiff alleges no such facts in this case.

Accordingly, on December 15, 2009, an order to show cause was entered, directing Plaintiff to show cause why he should be denied leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g). On January 15, 2010, Plaintiff filed a response to the order to show cause.[1] In his response, Plaintiff indicates that he has no source of income. Plaintiff attaches a copy of a judgment entered in another case as proof of his indigency. That case was a habeas petition that was dismissed as frivolous. Plaintiff has not made any argument or come forward with any evidence that satisfies the standard set out in § 1915(g).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis be revoked pursuant to 28 U.S.C. § 1915(g).

2. Plaintiff be directed to submit the $350 filing fee, in full.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, any party may file written

---

[1] Plaintiff also requested the appointment of counsel. Plaintiff's request was addressed by separate order.

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 12, 2010**                    /s/ Sandra M. Snyder
                                               UNITED STATES MAGISTRATE JUDGE